UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KELLY INNSBRUICK ALEXANDER,

Plaintiff,

v.

NEVADA SECRETARY OF STATE
BARBARA G. CEGAVSKE, et al.

Defendants.

Case No. 2:18-cv-02289-RFB-NJK

**ORDER**

## I. INTRODUCTION

Before this Court is Defendants' Motion to Dismiss (ECF No. 34). For the reasons stated, the Court grants the motion.

## II. DISCUSSION

Plaintiff has raised various claims against Defendants. The various and discursive allegations of Plaintiff do not clearly and succinctly state a "short and plain statement" of her claim and do not state a basis for this Court's jurisdiction as required by Rule 8 of the Federal Rules of Civil Procedure. Plaintiff appears to assert two claims—neither of which states a plausible claim or establishes this Court's jurisdiction.

First, Plaintiff appears to assert the existence of some type of "private venue" constitutional claim regarding a notary's authority under Nevada law. No such claim exists in state or federal law. A notary does not have the quasi-judicial duties and authority asserted by Plaintiff. Moreover, there are lawful restrictions as to the authority of a notary under Nevada law. See N.R.S. §§ 240.065, 240.075. And the Secretary of State has the authority not to renew or discipline

a notary.  See N.R.S. §§ 240.010, 240.150.  Plaintiff has not stated a plausible claim under federal law as to her "private venue" claim.

Second, Plaintiff appears to assert that she (and others) were deprived of their right to serve as a notary when commission was not continued or renewed.  However, Nevada grants the Secretary of State oversight over notaries and their renewal.  See N.R.S. § 240.010.  Plaintiff has not identified a cognizable federal claim for her assertions that Defendants violated her constitutional rights regarding her state position as a notary.

The Court further rejects and dismisses Plaintiff's alleged claim requesting that this Court issue a declaratory judgment to define the purpose, parameters, nuances and full scope of Nevada law as it relates to the duties of a notary public.  This is not role of a federal court.  The state of Nevada, including its Legislature and Supreme Court, have the authority to set for the purpose of and meaning of Nevada law as to notary publics operating under the authority of Nevada law.

Finally, the Court finds it would be futile to allow Plaintiff an opportunity to amend her complaint. She has not identified a plausible claim over which this Court would have jurisdiction.

### III.    CONCLUSION

For the reasons stated,

**IT IS ORDERED** that the Motion to Dismiss (ECF No. 34) is GRANTED.  All other outstanding motions are DENIED as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment for Defendants. The Clerk of Court is instructed to close this case.

DATED: June 27, 2019.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**